# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SACOREY LENNEL CLARK, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 19-cv-440-NJR |
| UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF JUSTICE, CITY OF GREENVILLE, IL, JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, JOHN DOE #4, JOHN DOE #5, JOHN DOE #6, JOHN DOE #7, JOHN DOE #8, JOHN DOE #9, JOHN DOE #10, JOHN DOE #11, JOHN DOE #12, and JOHN DOE #13, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Sacorey Lennel Clark, an inmate of the United States Bureau of Prisons ("BOP"), currently incarcerated at Federal Correctional Institute in Greenville, Illinois ("Greenville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241. He also labels his petition as one under the Mandamus Act, 28 U.S.C. § 1361.

In the petition, Clark complains about a number of issues with the BOP including: the confiscation of his pre-paid postage to outside individuals, being improperly identified as a sovereign citizen, a strip search in front of other inmates, the confiscation of his personal property and legal materials, failing to provide him with information regarding unknown insurance, surety, and bonding providers, and ongoing retaliation by prison officials. (Doc. 1, pp. 3, 4, 6, 8, 10-13).

1

Clark seeks relief in the form of an injunction requiring Respondents to work with him regarding his incoming and outgoing legal and personal mail, obtain a notary of legal documents, and remedy issues preventing Clark from obtaining insurance, indemnity, and bonding information. (Doc. 1, p. 16). He also seeks a number of documents including his original birth certificate and social security numbers. (*Id*. at p. 16).

This matter is now before the Court for review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives the Court the authority to apply the Rules to other habeas corpus cases.

## Background

Clark's petition is confusing and convoluted. It includes a number of seemingly unrelated allegations regarding wrongs that were done to him by officials during his time at the BOP. He references the Freedom of Information Act, the Privacy Act, and the Administrative Procedure Act throughout the petition. He alleges, among other things, that he was disciplined in November 2018, sent to disciplinary segregation for ten days, and had his materials seized in an attempt to label him a sovereign citizen. (Doc. 1, p. 4). In February 2019, he was labeled a sovereign citizen and again placed in segregation and had his legal materials seized. (*Id*. at p. 10). Clark alleges that this occurred without first being provided a confiscation notice/form. He also alleges that he was strip searched in unrelated events in July, August, September, and October. (*Id*. at p. 6). He was also prevented from mailing out certain documents, including his current 2241 petition, and he has not

been provided with disclosure of unknown named insurance, surety, and bonding providers despite numerous requests. (*Id*. at pp. 8, 11).

Although Clark does not indicate any specifics regarding his current term of imprisonment, he is currently serving a term of 180 months' imprisonment for a felon in possession of a firearm conviction. *United States v. Clark*, Case No. 16-cr-107-JAR, Doc. 222 ("Criminal Case"). Clark first filed a Section 2241 petition in the Eastern District of Missouri on April 5, 2018. *Clark v. United States*, Case No. 18-cv-524-JCH (E.D. Mo. 2018) ("First 2241 Petition"). The district judge dismissed that petition, finding it had no basis in law and fact and was based on typical "sovereign citizen" arguments. (First 2241 Petition, Doc. 4, pp. 2-3). Clark appealed the decision, which was affirmed by the Eighth Circuit.

Clark subsequently filed a Section 2241 petition in this Court. That petition, filed on March 13, 2019, contains nearly identical arguments to his current petition. *See Clark v. United States*, Case No. 19-cv-297-SMY (Doc. 1) ("Second 2241 Petition"). The petition alleges that he was placed in segregation in February 2019 and was labeled by the BOP as a sovereign citizen. (Second 2241 Petition, Doc. 1, p. 5). The petition also mentions his placement in segregation in November 2018 and the strip searches in the months of June through October (*Id*. at p. 6). He also mentions his outgoing mail being stolen and seeks the identity of unknown named insurance, surety, and bonding providers. (*Id*. at p. 12). That petition is still pending before the Court.

Clark filed the petition in this case on April 22, 2019 (Doc. 1).

## Discussion

A. **Section 2241 Petition**

This Court is obligated to independently evaluate the substance of Clark's claims to determine if the correct statute, in this case 28 U.S.C. § 2241, is being invoked. *See Godoski v.*

*United States*, 304 F.3d 761, 763 (7th Cir. 2002) (court must evaluate independently the substance of the claim being brought, to see if correct statute is being invoked). A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody – whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). If, however, the prisoner "is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of confinement and his remedy is under civil rights law." *Id.*; *see also Pischke v. Litscher*, 178 F.3d 497, 499-500 (7th Cir. 1999).

Clark brings this action under 28 U.S.C. § 2241. However, the relief he actually seeks is a change to his conditions of confinement. He seeks access to his mail, the ability to obtain certain legal documents including: power of attorney, common-law copyright notice, and security agreements, as well as his birth certificate, social security number, access to computers and printers, and insurance, indemnity, and bonding information from the Respondents. (Doc. 1, p. 16). Although he mentions being placed in segregation as a result of a disciplinary ticket, he does not indicate that he is challenging that disciplinary ticket or his term in segregation.

His claims relate to his conditions of confinement. He challenges the confiscation of his legal materials and mail. He also maintains that he was subjected to an improper strip search. Such claims cannot be addressed in a habeas action.

Clark's claims are more akin to those raised by a federal prisoner in an action brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). While courts have, in the past, construed a mistakenly-labeled habeas corpus petition as a

civil rights complaint, *see, e.g., Graham*, 922 F.3d at 381-82, the Seventh Circuit has made it clear that district courts should not resort to this practice. *Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002). This is particularly true where conversion of the case may lead to unfavorable consequences for Clark under the Prison Litigation Reform Act. *See Bunn*, 309 F.3d at 1007. These consequences may include possible exhaustion defenses, whether Clark has named the correct defendants, and whether he is able to pay the proper filing fee for that action (presently $400.00) as opposed to the fee for a petition for writ of habeas corpus (presently $5.00). For these reasons, the Court will not re-characterize the instant habeas petition as a complaint brought pursuant to *Bivens*, and it offers no opinion regarding the merits of Clark's *Bivens* claims.

**B. Writ of Mandamus**

Clark also lists his petition as being filed under the Mandamus Act. He has not, however, paid the proper filing fee for a mandamus petition (presently $400.00). Nor does he meet the requirements for a writ to issue.

28 U.S.C. § 1361 establishes jurisdiction for a federal district court to compel a federal official or agency "to perform a duty owed to the plaintiff." Such a writ is an extraordinary remedy. *Banks v. Secretary of Indiana Family and Social Servs. Admin.*, 997 F.2d 231, 244 (7th Cir. 1993). "The Supreme Court has emphasized that '[t]he common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty.'" *Center for Dermatology and Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 589 (7th Cir. 2014) (quoting *Heckler v. Ringer,* 466 U.S. 602, 616 (1984). A writ of mandamus "cannot compel a federal official to perform any function unless the official is clearly directed by law to do so." *Banks*, 997 F.2d at 244 (citations omitted). This circuit has established that the following three elements must be met

in order to issue a writ of mandamus: "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; (3) no other adequate remedy available." *Burnett v. Bowen,* 830 F.2d 731, 739 (7th Cir.1987). If any of the elements are missing, the court should "deny the petition, not [for lack of subject matter jurisdiction], but because the plaintiff has not demonstrated an entitlement to this form of extraordinary relief." *Ahmed v. Dept. of Homeland Security*, 328 F.3d 383, 387 (7th Cir. 2003).

Although Clark indicates throughout his petition that he is owed a duty by the Respondents, he fails to point to any plainly defined and peremptory duty on the part of any respondent. Nor has he demonstrated a clear right to the relief sought. Clark mainly takes issue with the treatment of his mail and access to other documents, but restrictions on that right are permissible if they are reasonably related to a legitimate penological objective. *Turner v. Safley,* 482 U.S. 78, 89 (1987). Thus, as Clark's right to mail and the documents he seeks may be reasonably restricted, he has not demonstrated that he has a clear right to the documents sought. Further, Clark has other adequate remedies to obtain the relief he seeks. He may raise his claims and seek relief in the BOP's administrative remedy program, despite his unsubstantiated claim that the administrative remedy program cannot provide him with effective relief. (Doc. 1, p. 4). Thus, Clark fails to meet the threshold requirements for the issuance of a writ of mandamus.

## Disposition

For the reasons stated above, the habeas petition is **DISMISSED with prejudice**, and to the extent Clark also seeks a writ of mandamus, that request is also **DISMISSED with prejudice**.

If Clark wishes to appeal this Order, he must file a notice of appeal with this Court within the time allotted in Fed. R. App. P. 4(a)(1)(A). If Clark does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e);

28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 6/27/2019**

\

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**